## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street, SW, Suite 800<br>Washington, DC 20024, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | |
| U.S. DEPARTMENT OF STATE,<br>The Executive Office<br>Office of the Legal Adviser, Room 5519<br>2201 C Street, NW<br>Washington, DC  20520, | ) ) ) ) ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of State to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.      Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records

from federal agencies pursuant to FOIA.  Plaintiff analyzes the responses and disseminates its findings

and the requested records to the American public to inform them about "what their government is up to."

4.      Defendant U.S. Department of State is an agency of the United States Government and

has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On July 15, 2015, Plaintiff submitted a FOIA request to Defendant, by facsimile and

certified mail, seeking: [a]ny and all records regarding, concerning, or related to any contract and/or

grant awarded or administered by the Department's Office of Weapons Removal and Abatement for

work conducted or planned to be conducted in Libya. This request includes, but is not limited to, any

and all records of communication between any official, employee, or representative of the Department

of State and any officer or official of any individual or corporate recipient of any such contract or grant.

The time frame for this request is January 1, 2011 and the present.

6.      According to U.S. Postal Service records, Defendant received Plaintiff's FOIA request

on July 20, 2015.

7.      By letter dated August 11, 2015, Defendant acknowledged receiving Plaintiff's FOIA

request and assigned it Case Control No. F-2015-12283.

8.      As of the date of this Complaint, Defendant has failed to:  (i) produce the requested

records or demonstrate that the requested records are lawfully exempt from production; (ii) notify

Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the

reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse

determination.

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

9.      Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10.     Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

11.     To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) working days of receiving the request on July 20, 2015. Accordingly, Defendant's determination was due on or about August 17, 2015. At a minimum, Defendant was required to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination. *See, e.g., Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

12.     Because Defendant failed to determine whether to comply with Plaintiff's request within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  April 7, 2016

Respectfully submitted,

/s/ Jason B. Aldrich
JASON B. ALDRICH
D.C. Bar No. 495488
JUDICIAL WATCH, INC.
425 Third Street, SW, Suite 800
Washington, DC  20024
(202) 646-5172

*Counsel for Plaintiff*